IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL RAY, ) | |
| ) | C/A No. 4:07-1143-TLW-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| JOHNNY SIMON, ISM SUPERVISOR, ) | |
| FCI ESTILL; MATTHEW HAMIDULLAH, ) | |
| FORMER WARDEN, FCI ESTILL; ROY ) | |
| LATHROP, PARALEGAL, SC CONSL. ) | |
| LEGAL CENTER, BOP; KERRY L. ) | |
| MENCHEN DEP. ATTY GEN., STATE OF ) | |
| NJ; KENNETH E. CRANE, INVESTIGATORY, ) | |
| STATE OF NJ; RITCHIE KING, ) | |
| INVESTIGATOR, STATE OF NJ; NINA MUSE, ) | |
| ACTING DETAINER ADM,. STATE OF N.J.; ) | |
| ARNITA JONES, INMATE SYSTEMS MGR., ) | |
| FCI ESTILL; and WARDEN, FCI ESTILL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Michael R. Ray ("plaintiff" or "Ray") filed this action pro se on April 26, 2007[1]. The plaintiff is an inmate presently incarcerated at Federal Correctional Institution located in Estill, South Carolina. The plaintiff has filed this lawsuit challenging his transfer to New Jersey pursuant to a request under the Interstate Agreement on Detainers ("IAD") to face outstanding state

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

charges in New Jersey.[2] Plaintiff alleges that he was denied a pre-transfer hearing which violated his constitutional rights.

## II. PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER

On April 26, 2007, and September 10, 2007, plaintiff filed motions for a temporary restraining order. (Documents # 3 and #37). In these motions, plaintiff is requesting the Court to order "the removal of the State of New Jersey detainer lodged against the plaintiff " asserting that the detainer from New Jersey is impacting his eligibility for programs and future placement in a Residential Re-entry Center.

The federal defendants filed a response in opposition to the Motion for Temporary Restraining Order within their motion to dismiss. (Document #53). Defendants assert that the plaintiff does not meet the requirements for injunctive relief in that he will not suffer irreparable harm because he has no right to pre-release community confinement and would not suffer a constitutional harm if he were not placed in the residential re-entry center. Defendants further argue that the balance of harm does not tip decidedly in favor of the plaintiff, it is unlikely he will succeed on the merits, and the public interest does not support plaintiff's cause.

By plaintiff requesting a Temporary Restraining Order, he is seeking injunctive relief. The Court should consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

(a) plaintiff's likelihood of success in the underlying dispute between

---

[2] It appears plaintiff pleaded guilty to bail-jumping and theft by deception to the state charges in New Jersey. On July 21, 2006, plaintiff was sentenced to 18 months incarceration consecutive to his federal sentence and ordered to pay fines and fees.

>   the parties; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendants if an injunction is issued; and (d) the public interest.

North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749 (4th Cir. 1979) See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977). However, preliminary relief directed to running a state prison should be granted only in compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

The two most important factors are probable irreparable injury to the plaintiff if the relief is not granted and the likelihood of harm to the defendants if the injunction is granted. North Carolina State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d at 750.

To satisfy case or controversy requirement of Article III, plaintiff must show a personal threat of ongoing or future harm, the likelihood that the wrongful behavior will occur or continue, and that the threatened injury is impending. Friends of the Earth, Inc. v. Laidlaw Environmental Servs., 528 U.S. 167, 190 (2000); see also City of Los Angeles v. Lyons, 461 U.S.95, 101-102 (1983) (plaintiff must face real and immediate threat of future injury).

Plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

The courts are directed to leave prison administration to the discretion of those best suited to running the prisons. Granting plaintiff injunctive relief would have the effect of allowing a

prisoner to "approve" actions taken by the prison administration that might have an impact on them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order. Plaintiff has not shown or provided any evidence that he is currently subject to a real and immediate threat of physical harm. See Los Angeles v. Lyons, 461 U.S. 95 (1983). Plaintiff has only alleged that he will not be eligible for certain programs and for placement in a re-entry facility due to the New Jersey detainer. No liberty interest is created in custodial classifications. Meachum v. Fano, 427 U.S. 215, 225 (1976). In addition, plaintiff has failed to show a likelihood of success on the merits. As previously held in Ray v. Hamidullah, 2007 WL 465440 (D.S.C. Feb. 6, 2007),

> . . . not only are petitioner's IAD claims moot, but courts have held that a procedurally defective extradition proceeding normally does not amount to a fundamental defect entitling a prisoner to collateral relief from his conviction. See Huntt v. Russell, 285 F.Supp. 765, 767 (E.D.Pa.1968), *aff'd,* 406 F.2d 774 (3d Cir .1969) (per curiam); Weddell v. Meierhenry, 636 F.2d 211, 214-15 (8th Cir.1980); Houston v. Lane, 501 F.Supp. 5, 6 (E.D.Tenn.1978), *aff'd*, 636 F.2d 1217 (6th Cir.1980); Barton v. Malley, 626 F.2d 151, 160 (10th Cir.1980). Additionally, in Shack v. Attorney General of State of Pennsylvania, the Third Circuit Court of Appeals held that the failure of the sending jurisdiction to provide the prisoner with a "pretransfer" hearing did not amount to a fundamental defect noting that "Congress has not legislatively rendered the failure to provide a pre-transfer hearing a fundamental defect." Shack, 776 F.2d 1170, 1173 (3d Cir.1985).

Id.

Furthermore, the United States has not adopted the Uniform Criminal Extradition Act. See Mann v. Warden of Eglin Air Force Base, 771 F.2d 1453, 1454 (11th Cir. 1985), *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1200 (1986); Lynch v. Menifee, 2004 WL 1738888 (S.D.N.Y. Aug. 4, 2004).

Based on the above reasons, it is recommended that plaintiff's motions for a Temporary

4

Restraining order should be DENIED (Documents #3 and #37).

### III.  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On August 6, 2007, plaintiff filed a motion for default judgment asserting that defendant Ritchie King has failed to respond to the complaint.

A review of the Court's docket sheet reveals on July 31, 2007, that the United States Marshals Service filed a "Process Receipt and Return" form remarking that they were unable to substantiate service on defendant King by registered mail. Based on the fact that plaintiff has failed to show that defendant Ritchie was properly served, it is recommended that plaintiff's motion for default judgment be denied.

### IV.  CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that plaintiff's motions for restraining orders (documents #3 and #37) be DENIED

It is further RECOMMENDED that plaintiff's motion for default judgment (document # 27) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 7, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**